IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VINSON JACKSON                                                            PLAINTIFFS

V.                                                             CIVIL ACTION NO. 1:06CV37-SAA

SUNSHINE MILLS, INC.                                               DEFENDANT

MEMORANDUM OPINION

The court has before it the defendant's motion for summary judgment. Having reviewed the motion, record in this case, and noting that the plaintiff has failed to respond to the motion, the court is ready to rule.

FACTS

On February 17, 2006, plaintiff Vinson Jackson filed suit in this court against Sunshine Mills, Inc., alleging that he was terminated from his employment with Sunshine Mills in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101 *et seq.*, on September 21, 2005. The complaint was properly amended on August 24, 2006 to specifically identify his infirmity as a diabetic condition. In his complaint plaintiff alleges that the reason he was given for his termination was "his diabetic condition, despite Plaintiff having met all of the required job requirements for his position." Plaintiff's Amended Complaint, p. 2.

The complaint and amended complaint are the only fact-specific pleadings filed by the plaintiff in this case. The plaintiff has been unresponsive to discovery requests propounded by defendant. In particular, plaintiff failed to respond to the interrogatories and requests for admission propounded by defendant on September 12, 2006, and did not respond to requests for production of documents propounded on September 15, 2006. Further, plaintiff has failed to make himself available for

deposition. *See* Defendant's Motion for Summary Judgment, ¶V. By Order dated November 30, 2006, this court granted defendant's motion to have its requests for admission deemed admitted pursuant to Federal R. Civ. P. 36 due to plaintiff's failure to respond. The admissions established the following facts:

1. Plaintiff never notified any of his supervisors of his diabetic condition;

2. Plaintiff never discussed with any of his supervisors any accommodations that he may have required;

3. Plaintiff never discussed any functional limitations he may have had with any of his supervisors; and

4. When Plaintiff was told by Jeff Kidd to leave Sunshine Mills, he was not given a reason.

Defendant now moves for summary judgment on the grounds that plaintiff, based on the admissions, may not prove a *prima facie* case for discrimination on the basis of his diabetic condition. Plaintiff has not filed a response.

## LAW

A. <u>Motion For Summary Judgment</u>

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case"). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Before

finding that no genuine issue of material fact exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is only appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . ." 42 U.S.C. § 12112(a). In order to prove discrimination under the ADA, a plaintiff must first prove a *prima facie* case of discrimination under *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). "To establish a *prima facie* discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; (3) that he was subject to an adverse employment decision on account of his disability." *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999). Having considered the circumstances of this case in a light most favorable to the plaintiff, the court concludes that the plaintiff has not and cannot establish a *prima facie* case of disability discrimination.

The defendant's requests for admissions, which the court deemed admitted, establish that

3

plaintiff did not inform his supervisors of his diabetic condition, did not inform them of any accommodations that he may have required, nor of any functional limitations that he may have had. *See* Defendant's Requests for Admissions propounded to plaintiff on September 12, 2006, nos. 2, 3, & 4. These admissions are fatal to plaintiff's case. Even assuming that plaintiff's diabetic condition qualified as a disability under the ADA, defendant could not have fired him on account of this disability if it was never notified of the condition. As plaintiff has failed to bring forth a genuine issue of material fact suggesting that he was fired because of his diabetic condition, he fails to meet the third prong of the *prima facie* case for discrimination under the ADA. When one of the essential elements of a plaintiff's case does not exist as a matter of law, all other issues of contested fact are immaterial. *See Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992) (citing *Celotex Corp.*, 477 U.S. at 323). Therefore, finding that plaintiff is unable to establish that he was fired because of his diabetic condition, this court holds that defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted. A Final Judgment shall this day issue accordingly.

THIS, the 2nd day of April, 2007.

                                                    /S/ S. ALLAN ALEXANDER
                                              S. ALLAN ALEXANDER
                                              UNITED STATES MAGISTRATE JUDGE